**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Criminal Action No. 92-495-02(RCL)** |
| **v.** | ) | |
| | ) | |
| **RONALD D. BRANCH,** | ) | **FILED** |
| | ) | |
| **Defendant.** | ) | **SEP 1 4 2009** |
| | ) | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM

### I.   INTRODUCTION

Defendant Ronald Branch's motion, as supplemented, under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on amendments to the United States Sentencing Guidelines is before this Court.  Upon consideration of the motion, the Government's Response to the motion, the Defendant's reply, applicable law, and the entire record herein, the motion will be GRANTED.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 1993 a jury rendered a verdict of guilty against Branch for conspiracy to distribute, and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846; two counts of the unlawful possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 842(a)(1), 841(b)(1)(B)(iii); the unlawful possession with intent to distribute cocaine base within 1000 feet of a school in violation of 21 U.S.C. § 860(a); the using and carrying a firearm during a drug trafficking offense and aiding and abetting in violation o 18 U.S.C. §§ 924(c)(1), 2; and the unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On April 29, 1994 the Court

sentenced Branch to an aggregate sentence of 264 months of incarceration to be followed by 16

years of supervised release. On appeal, the defendant's conviction for possession with intent to

distribute cocaine base within 1,000 feet of a school was reversed and his conviction for using a

firearm during a drug trafficking crime was vacated. Branch was resentenced on January 30,

1998 to an aggregate sentence of 264 months of incarceration to be followed by 10 years of

supervised release. This sentence was based on a finding that the applicable sentencing range

under the United States Sentencing Guidelines was 235 to 293 months, given defendant's

criminal history category of III and offense level of 36.  This sentence was affirmed on March 26,

1999. *United States v. Branch*, 1999 WL 236884 (D.C. Cir. 1999).

Effective November 1, 2007, the United States Sentencing Commission amended the

Guidelines to provide for a two level reduction in the base offense level for crack cocaine

offenses. U.S.S.G. App. C, Amend. 706 (Supp. 2007). Later, Amendment 713 made the

reduction retroactively applicable.  U.S.S.G. App. C, Amend. 713 (Supp. 2008).  On February

25, 2008, the defendant filed a Pro Se Motion for Reduction of Sentence to 18 U.S.C. § 3582 and

the amendments to the Guidelines, asserting his updated sentencing guidelines should be 188 to

235 months. The government opposes any reduction in sentence, citing the circumstances of the

offense, defendant's criminal record, and post-sentencing conduct while incarcerated as

disqualifying factors.  For the reasons that follow, defendant's motion will be granted.


III.   **ANALYSIS**

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not ordinarily modify a term of

imprisonment once it has been imposed except where expressly permitted by statute or by

2

Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule provides that:

> [I]in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 provides for such a reduction and both parties agree that Amendment 706 applies in this case. However, the Court's power to reduce sentence is discretionary. In determining a sentence that is "sufficient, but not greater than necessary" to fulfill these penological objectives, a court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the penological purposes stated above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Guidelines; (5) any applicable Guidelines policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Further, U.S.S.G. § 1B1.10 comment., n.1(B)(ii) directs the district court, when considering a sentence reduction as a result of an amended guideline, to "consider the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment." Additionally, the district court is allowed to consider post-sentencing conduct when determining whether-and to what extent-a reduction is warranted. U.S.S.G. § 1B1.10 comment., n.1(B)(ii). All original sentencing determinations are to remain

3

unchanged with only the amended guideline range substituted for the unamended guideline range used at sentencing. *See* U.S.S.G. § 1B1.10, comment. n.2.

The government argues against a reduction in Branch's sentence based on public safety grounds. The government emphasizes the defendant's prior adult convictions and post-sentencing disciplinary infractions, including possession of a deadly weapon, fighting with another person, several infractions for possession of intoxicants and possession of unauthorized items and rioting. The defendant highlights that the most serious infractions occurred more than 6 years ago and as long as 14 years ago and that the defendant has taken steps to rehabilitate himself.

While the Court recognizes the defendant's serious misconduct at the federal institution at which he is serving his sentence, the Court also notes the rehabilitative developments that the defendant has made while incarcerated. Since his imprisonment, the defendant has participated in GED classes, other educational programs as well as various health related community activities. The defendant has also maintained good work evaluations while employed in his work detail assignments. Reducing the defendant's sentence furthers the policy objectives to be achieved through federal sentencing, namely to "promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Further, the sentencing scheme seeks to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). The Court agrees with the defendant that his adult prior convictions are adequately accounted for in his criminal history category. Therefore, the Court also agrees with the defendant that a reduction in his sentence serves each of these policies.

Nevertheless, Branch's sentence can not be reduced to below the mandatory statutory

4

minimum. Based on the defendant's prior drug felony conviction, the defendant is subject to a statutory mandatory minimum sentence of 20 years (240 months). 21 U.S.C. § 841(b)(1)(A)(iii). Both the government and defense agree that this Court can not reduce the sentence below the statutory minimum and courts have consistently established this principle. *See, e.g., United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997), *cert. denied*, 523 U.S. 1013 (1998); *United States v. Dimeo*, 28 F.3d 240, 241 (1st Cit. 1994). *See also United States v. Profeta*, No. 01-3030, 2001 WL 1488668, at *1 (D.C.Cir.2001) (per curiam); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir.1997); *United States v. Marshall*, 95 F.3d 700, 701 (8th Cir.1996); *United States v. Pardue*, 36 F.3d 429 (5th Cir.1994); *United States v. Hanlin*, 48 F.3d 121, 124-25 (3d Cir.1995).

Under the amended sentencing guidelines, the sentencing range applicable to the Defendant is 188 to 235 months. The sentence originally imposed was in the middle of the then-applicable range of 235-293 months. However, the defendant is subject to a statutory mandatory minimum sentence of 240 months. Therefore, defendant's motion to reduce his sentence pursuant to § 3582 is granted and defendant will be sentenced to 240 months.

## IV.    CONCLUSION AND ORDER

Section 3553 directs the Court to "impose a sentence sufficient, but not greater than necessary," to comply with the factors it spells out. The Court concludes that a reduction to 240 months is sufficient to reflect the seriousness of the offense and provides just punishment. Accordingly, the defendant's motion, as supplemented, to reduce sentence will be granted and the defendant's previously imposed sentence of imprisonment of 264 months is reduced to 240

months.

A separate order shall issue this date.


_____            _____
Chief Judge Royce C. Lamberth                            Date